**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JAMYLA A. BREWTON** <br> 6223 Northwood Drive <br> Baltimore, MD 21212 | * <br> <br> * | |
| *Plaintiff,* | * | |
| v. | * | Civ. Action No.: 1:16-cv-3589 |
| **PROTAS, SPIVOK & COLLINS, LLC** <br> 4330 East West Hwy, #900 <br> Bethesda, MD 20814 | * <br> <br> * <br> <br> * | |
| Serve on: | * | |
| Jordan Marvin Spivok <br> 4330 East West Hwy, Suite 900 <br> Bethesda, MD 20814 | * <br> <br> * <br> <br> * | |
| **AQUARIUS CAPITAL, LLC** <br> 80 Cuttermill Road, Suite 303 <br> Great Neck, New York 11021 | * <br> <br> * | |
| Serve on: | * | |
| Houslanger & <br> Associates, PLLC <br> 372 New York Avenue <br> Huntington, NY 11743, | * <br> <br> * <br> <br> * | |
| *Defendants.* | | |
| * * * * * * * * * * * * * * * | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Jamyla A. Brewton ("Ms. Brewton"), by and through undersigned counsel and for her Complaint against Protas, Spivok & Collins, LLC ("the Protas firm") and Aquarius

1

Capital, LLC ("Aquarius Capital"), alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

3. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices,

prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. The FDCPA is a strict liability statute that provides for actual or statutory damages, or both, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

5. The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F.Supp.2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

## JURISDICTION AND VENUE

6. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that

the Defendants transact business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## **PARTIES**

8.     Plaintiff Jamyla A. Brewton is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay any debt, in this case a fraudulently entered money judgment entered for an amount allegedly owed on a charged off Citibank credit card account.

9.     Defendant Protas, Spivok & Collins, LLC is a limited liability company that engages in the practice of law and the practice of debt collection in the state of Maryland.

10.    At all relevant times, the Protas firm acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff. The Protas firm regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

11.    Defendant Aquarius Capital, LLC is a New York limited liability company registered with the NYS Department of State Division of Corporations, with an office at 80 Cuttermill Road, Suite 303, Great Neck, NY 11021. It is not licensed to do business in Maryland.

12.    Aquarius Capital, LLC is a "debt collector" as defined by 15 U.S.C. 1692a(6)

of the FDCPA because it is a debt buyer regularly engaged in the business of collecting debts due another in the state of New York. It is not a "creditor" as defined by the FDCPA because it purchased the alleged debt involved in this dispute after it was in default.

13.     Aquarius Capital, LLC does business as a collection agency in Maryland but has not obtained the license required by the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-101, *et seq*.

## FACTUAL ALLEGATIONS

14.     The Plaintiff alleges that the Defendants violated the FDCPA in their efforts to collect a default judgment that was fraudulently obtained by LR Credit, LLC ("LR Credit") and then assigned to Aquarius Capital, LLC. That judgment is one of the thousands of debts that were part of a certified class action alleging widespread fraudulent practices, including "sewer service" and the filing of false affidavits of service and merit. *See Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 74 (2d Cir. 2015) ("the *Sykes* class action). In the *Sykes* class action case, LR Credit agreed to settle and to pay money damages and to stop all collection activities with respect to the judgments it had obtained pursuant to the practices at issue in that litigation. More information about the resolution of that lawsuit can be found at *www.sykesclassaction.com*.

15.     LR Credit has not obtained the license required by the MCALA.

16.     LR Credit and its debt collection law firms entered into a default judgment scheme that operated in the following fashion: first, by obtaining charged–off consumer

debt; second, by initiating a debt–collection action by serving a summons and complaint on the purported debtor; and third, by submitting fraudulent documents to the various New York Civil Courts in order to obtain a default judgment.

17. In all of the lawsuits filed on behalf of LR Credit, it and its co-defendants in the *Sykes* class action engaged in "sewer service" — failing to serve the summons and complaint and then filing fraudulent affidavits of service. The practice of sewer service deprived the alleged debtors sued by LR Credit of due process because without notice of the lawsuit filed against them, the consumers were denied their day in court.

18. Pursuant to this scheme, LR Credit sued Ms. Brewton to collect a debt and, on May 5, 2004, obtained a fraudulent default judgment against her for $8,559.73, plus interest, in New York's Civil Court of Nassau County District Court ("New York default judgment"). Ms. Brewton was never aware of this lawsuit because she was never properly served with the summons and complaint.

19. LR Credit, and/or its subsequent assignee Aquarius Capital LLC, then retained the Protas firm to file the following documents in the District Court of Maryland for Baltimore City, Case No. 0101-0025529-2015: 1) a Request to File Foreign Judgment, filed November 3, 2015; 2) a Notice to Renew Judgment, filed January 11, 2016; 3) an Assignment of Judgment assigning the judgment from LR Credit to Aquarius Capital, LLC, filed July 19, 2016; and 4) a Writ of Garnishment of Wages, filed August 29, 2016.

20. All of the documents filed in the District Court of Maryland for Baltimore

City indicated that they were being filed by attorney Philip J. Collins and the Protas firm.

21. LR Credit recently entered into a settlement agreement where, among other things, it agreed to stop all collection activities against the class members; to transfer all judgments it owned to a non-profit that would mark them satisfied and cancelled, and to pay money damages to Ms. Brewton and other class members.

22. However, because LR Credit had previously sold or assigned the New York default judgment that had been fraudulently entered against Ms. Brewton to Aquarius Capital LLC, the judgment against her has not been transferred to the non-profit organization for cancellation. There is no dispute, however, that the default judgment entered against her was fraudulently obtained.

23. The Protas firm had either actual or constructive knowledge of the above-alleged facts, as the fraudulent scheme involving LR Credit was widely reported and well known during the more than six year span of the *Sykes* class action. The *Sykes* class action litigation was initiated in the United States District Court for the Southern District of New York on October 6, 2009; amended to include class allegations on December 28, 2010; and granted class certification on March 28, 2013. On February 10, 2015, the United States Court of Appeals for the Second Circuit affirmed the district court's order granting class certification. Between December 14, 2015, and September 17, 2015, LR Credit, in anticipation of a future settlement as to all class claims against all defendants in the *Sykes* class action, entered into agreements to suspend new collection activity. On November 16, 2015, the district court granted preliminary

approval to a proposed settlement of the *Sykes* class action. On May 24, 2016, the district court issued an order approving the *Sykes* class action settlement and entering final judgment.

24. The Protas firm had either actual or constructive knowledge that neither LR Credit, LLC nor Aquarius Capital, LLC maintained the license required by the MCALA.

25. The Protas firm has continued to engage in collection activity in Maryland in an attempt to collect the fraudulent New York default judgment that was entered against Ms. Brewton and did so on behalf of entities that failed to maintain the license required by the MCALA.

26. In November 2015, Ms. Brewton received by mail a Notice of Foreign Judgment from the District Court of Maryland for Baltimore City as well as a copy of the Request to File Foreign Judgment that the Protas firm filed on behalf of LR Credit on November 3, 2015.

27. Prior to preparing and filing the Request to File Foreign Judgment, filed November 3, 2015; Notice to Renew Judgment, Assignment of Judgment assigning the judgment from LR Credit to Aquarius Capital, LLC and Writ of Garnishment of Wages, filed August 29, 2016, the Protas firm and Aquarius Capital failed to conduct a meaningful review of Ms. Brewton's account and the records of the Maryland Collection Agency Licensing board, in violation of 15 U.S.C. 1692e(3). This failure included (but was by no means limited to) failing to ascertain whether Ms. Brewton had in fact been properly served with the underlying collection lawsuit; failing to ascertain whether the

8

judgment entered against Ms. Brewton was one of the judgments that LR Credit had previously agreed to vacate; and failing to ascertain whether either LR Credit or Aquarius Capital maintained a collection agency license that authorized the collection of the alleged debt in Maryland.

28. Shortly thereafter, Ms. Brewton called the Protas firm to inquire about the judgment and spoke to a person who identified himself as "Ernie Faska." Ms. Brewton stated to Mr. Faska that she had been living in Arizona in May 2004, and that this was the first time that she had heard of the case.

29. When Ms. Brewton asked Mr. Faska for more information about the New York default judgment, Mr. Faska informed Ms. Brewton that the original creditor on the account was Citibank, that the account was related to a MasterCard credit card, and read to Ms. Brewton a sixteen (16) digit number that was allegedly related to the account. When Ms. Brewton asked if they had a copy of any contract that created the account or any more information about the account or the debt, Mr. Faska told Ms. Brewton that the Protas firm would not give her any more information related to the judgment. Mr. Faska told Ms. Brewton that if she wanted any more information, she would have to retrieve it from the files of the New York court where the judgment had been entered.

30. Mr. Faska also told Ms. Brewton that while the New York default judgment judgment was originally for approximately $8,559.00, ten years of interest at a rate determined by the court meant the judgment was now approximately $17,239.79.

31. During this call, Ms. Brewton tried to remember if the New York default

judgment could have been related to poor financial decisions she made as a young adult in 2003 or 2004. However, Ms. Brewton concluded that this debt could not actually be from an account that was hers, because she knew that no creditor would have provided her access to such a substantial credit card limit at that time in her life. The emotional jolt of thinking that she and her family were going to be burdened by having to pay a $17,239.79 debt that she did not create caused Ms. Brewton to begin crying during her phone conversation with Mr. Faska.

32. Out of fear of having to pay in excess of $17,239.79 on the New York default judgment, Ms. Brewton asked if there was any way to settle the case for a lesser amount. Mr. Faska told Ms. Brewton that the Protas firm was authorized to settle the case for 75% of the amount owed, which Mr. Faska represented to be $12,930.00, but only if paid in one lump sum. Mr. Faska said that the Protas firm could accept payment by personal check over the phone. Mr. Faska also stated that if Ms. Brewton wanted to discuss a settlement paid over time, the Protas firm could probably make a deal to an amount less than $17,239.79, but that the deal would likely require monthly payments of at least $500.00.

33. Ms. Brewton did not know how she would be able to afford to pay any of the settlement amounts that Mr. Faska had discussed. Ms. Brewton wrote down a number that Mr. Faska provided for her to call back if she decided to settle, and ended the call without making any agreements with Mr. Faska. Ms. Brewton cried through the conclusion of the phone call with Mr. Faska.

34. In February 2016, while Ms. Brewton was attempting to research her

options in relation to either settling or disputing the New York default judgment, she received by mail a Notice of Proposed Class Action Settlement and Fairness Hearing from the *Sykes* class action. Ms. Brewton called the *Sykes*'s Class Administrator, and came to believe that as part of the settlement, the New York default judgment would likely be vacated.

35. On February 20, 2016, Ms. Brewton submitted a claim form to join the *Sykes* class action settlement, and expected that the New York default judgment and the related foreign judgment recorded in the District Court of Maryland for Baltimore City would eventually go away as part of the resolution of *Sykes* class action.

36. In early September 2016, Ms. Brewton became aware that the Protas firm, on behalf of Aquarius Capital, LLC, had filed a Request for Garnishment on Wages on August 29, 2016, with the District Court of Maryland for Baltimore City. Through this filing, the Protas firm sought to collect $17,759.11, which included a calculation of interest through August 9, 2016. The District Court then issued a Writ for Garnishment on Wages to Ms. Brewton's place of employment.

37. Upon learning that the Protas firm was again asserting that it had a legal right to collect over $17,000.00 on a debt that Ms. Brewton believed she was not responsible for creating, the fear and uncertainty that Ms. Brewton felt when speaking with Mr. Faska came flooding back. Ms. Brewton had thought this matter had been resolved with the approval of the *Sykes* class action settlement, but the Writ of Garnishment on Wages made her wonder whether she would ever be able to stop the ripple effects of LR Credit's fraudulent New York default judgment. As a result of the

writ, Ms. Brewton was once again compelled to take time away from her work and family responsibilities to investigate possible defenses or legal remedies to the Protas firm's attempts to collect on the fraudulent New York default judgment.

38. In pursuing this action, the Plaintiff does not seek to overturn the New York state court's default judgment entered against her in favor of LR Credit, but rather she asserts an independent claim for statutory damages, actual damages, attorneys' fees, and costs, pursuant to the FDCPA, against the Defendants.

### COUNT I
### Violation of the Fair Debt Collection Practices Act

39. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40. The judgment is a "debt" as defined in 15 U.S.C. § 1692a(5) in that it arose out of a Citibank credit card account that was used primarily for personal, family, or household purposes.

41. Defendants have attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

42. Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

43. A debt collector may also not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

44. A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This prohibition include the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). This prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(5) & (10).

45. A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt. " 15 U.S.C. § 1692f.

46. Defendant Aquarius Capital, LLC violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f by engaging in collection activity in Maryland without obtaining the required collection agency license and attempting to collect amounts not actually due and owing.

47. Defendant Protas, Spivok & Collins, LLC violated the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692f by undertaking collection activity to collect the New York default judgment LR Credit fraudulently obtained despite having constructive or actual knowledge that the judgment had been fraudulently entered and that neither LR Credit nor Aquarius Capital, LLC maintained the required collection agency license. In this manner Defendant Protas, Spivok & Collins, LLC has attempted to collect amounts no actually due and owing.

48. In its attempts to collect the subject debt the Defendant Protas, Spivok & Collins, LLC also violated FDCPA § 1692e(3) by preparing and filing and mailing a Request to File Foreign Judgment; a Notice to Renew Judgment; an Assignment of

Judgment assigning the judgment from LR Credit to Aquarius Capital, LLC; and a Writ of Garnishment of Wages without conducting a meaningful review of Ms. Brewton's account and the default judgment entered against her based upon a fraudulent affidavit of service. Although there is no dispute that the Protas firm is a law firm or that these documents were prepared and filed and mailed by Protas firm employees, some degree of attorney involvement is required before a communication can be considered to actually be "from an attorney" within the meaning of the FDCPA. On information and belief, these documents were prepared with such speed that no independent judgment could be found to have been exercised by an attorney working for the Protas firm.

49. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has sustained actual damages in an amount to proved at trial and is also entitled to statutory damages, costs and attorney's fees. Her actual damages include emotional distress over the fear of improper collection and garnishment of $17,759.11, as well as having to retain counsel to challenge the garnishment for the fraudulent New York default judgment entered against her by LR Credit.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants, jointly and severally, as follows:

    a.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in the amount of $75,000.00;

    b.     Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.     Costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3); and

    d.    For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Dated: October 31, 2016        Respectfully Submitted,

*/s/ E. David Hoskins*
E. David Hoskins, Esq., No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com

*/s/ Steven B. Isbister*
Steven B. Isbister , Esq., No. 14123
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
dorisweil@hoskinslaw.com